**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MILTON J. BATTLES,

    Petitioner,

v.                                                             CASE NO:  8:10-CV-2764-T-30AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY GENERAL,
STATE OF FLORIDA,

    Respondents.
_____/

**ORDER**

Petitioner, an inmate in the Florida penal system proceeding *pro se*, (hereinafter referred to as "Petitioner" or "Battles"), brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #7) and Petitioner's reply (Dkt. #11). Upon review, the Court determines that the petition should be denied.

**BACKGROUND**

Battles was charged in Polk County, Florida, with one count of possession of cocaine with intent to sell, one count of sale of cocaine, and one count of resisting an officer without violence. The case was first tried on April 4, 2007, but resulted in a mistrial because the jury was unable to unanimously agree on a verdict. The second trial commenced on May 17, 2007, and resulted in a guilty verdict on all three counts. Battles was sentenced to thirty

years on count one, fifteen years on count two, and time served on count three, with all terms running concurrently.

Battles appealed, raising the same three issues that are raised in this § 2254 petition. The state appellate court affirmed in an unwritten *per curiam* opinion. *Battles v. State*, 995 So.2d 961 (Fla. 2d DCA 2008) [table].

Battles then filed a *pro se* motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 raising three claims of ineffective assistance of counsel:

> (1) Trial counsel was prejudicially ineffective for failing to object to the admission of testimony regarding law enforcement's failure to find money and narcotics on defendant's person, after the controlled buy was allegedly completed.
>
> (2) Trial counsel was prejudicially ineffective for failing to properly argue the motion for judgment of acquittal as to the charge of resisting arrest without violence, and was further deficient for not properly preserving this issue for appeal.
>
> (3) Trial counsel was prejudicially ineffective for failing to impeach law enforcement witnesses with previous inconsistent statement made at the mistrial.

The state post-conviction court denied Battles' 3.850 motion and denied his motion for rehearing. Battles appealed. The state appellate affirmed in an unwritten *per curiam* opinion. *Battles v. State*, 49 So.3d 239 (Fla. 2d DCA 2010) [table].

Battles timely filed this § 2254 habeas petition with this Court raising the following three issues:

> (1) Appellant was denied a fair trial because of the improper introduction of testimony that Battle's conduct displayed a characteristic typical of drug transactions. General criminal behavior testimony based upon an officer's experience with other cases is inadmissible as substantive

>   proof of Appellant's guilt. Said testimony contradicted Appellant's core defense at trial.
>
> (2) The trial court erred in adjudicating Appellant guilty of both sale of narcotics and possession with intent to sell narcotics. Said adjudication violated both the Florida and United States prohibitions against double jeopardy.
>
> (3) The trial court erred by denying Appellant's judgment for acquittal as to the charge of resisting arrest without violence.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective as of April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Supreme Court has cautioned that § 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 77 L.Ed.2d 1090 (1983).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, Section 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L.Ed.2d 9 (2001). A federal court may grant a § 2254 petition only if (1) the state decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d). *See Price v. Vincent*, 538 U.S. 634, 638, 123 S. Ct. 1848, 155 L.Ed.2d 877 (2003); *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

The Eleventh Circuit Court of Appeals discussed the meaning of the "contrary to" and "unreasonable application" clauses in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Id. See also Yarborough v. Gentry*, 540 U.S. 1, 124 S. Ct. 1, 4, 157 L.Ed.2d 1 (2003). Moreover, under Section 2254(e)(1), a state court's factual findings shall be presumed correct, and the habeas petitioner can rebut the presumption of correctness only by clear and convincing evidence. *See Parker*, 244 F.3d at 835–36; 28 U.S.C. § 2254(e)(1).

## **DISCUSSION**

**Ground One:**  Appellant was denied a fair trial because of the improper introduction of testimony that Battle's conduct displayed a characteristic typical of drug transactions. General criminal behavior testimony based upon an officer's experience with other cases is inadmissible as substantive

> proof of Appellant's guilt. Said testimony contradicted Appellant's core defense at trial.

When Battles was arrested, he did not have in his possession the marked money given to the confidential informant for use in the drug purchase. He complains the trial court committed error in admitting into evidence the arresting officer's testimony that it was not unusual for the money to no longer be in the possession of the person who sold the drugs. The testimony of Detective Joseph Gill on that point was:

> Q: Okay. And after the Defendant was arrested did you search him?
>
> A: No, ma'am, I didn't. We deal with these all the time and we have so many arrest and they usually get rid of it because they know that we keep a serial number of it. And if it's in their pocket, you know, we always show them, look, there's the serial number and it's in your pocket. So they usually hide it or get rid of it. I mean, he could have stashed it on the ground. I don't know. I just - I didn't find it.

Petition (Dkt. #1), p.4.

Generally, claims of errors in the admission or non-admission of evidence by a trial court are not cognizable on habeas review in this Court. The admissibility of evidence is a matter of state law and procedure, and is for state appellate courts to resolve. Federal courts on habeas review are only concerned with whether an error "was of such magnitude as to deny fundamental fairness to the criminal trial . . . ." *Hills v. Henderson*, 529 F.2d 397, 401 (5th Cir. 1976). The testimony of Detective Gill did not make Battles' trial fundamentally unfair and therefore this issue is not cognizable here.

In fact, the testimony in question is admissible under the rules of evidence. It is relevant and within the officer's experience. It is noteworthy that Battles is unable to point to a single federal case supporting his claim that the officer's testimony was inadmissible.

Battles' trial counsel apparently believed the testimony was admissible because he did not object to it. Because Battles' trial counsel did not object at trial, the issue is not preserved for appeal and is procedurally defaulted here. *Alderman v. Vant*, 22 F.3d 1541 (11th Cir. 1994).

For the foregoing reasons, ground one must be dismissed. Were it not dismissed, it would fail on the merits.

**Ground Two:**   The trial court erred in adjudicating Appellant guilty of both sale of narcotics and possession with intent to sell narcotics. Said adjudication violated both the Florida and United States prohibitions against double jeopardy.

In support of ground two, Battles argues:

The prosecutor in the instant cause admitted during closing argument that:

"This same piece of cocaine applies to both charges; both the Possession with Intent to Sell and the actual Sale. It's the same piece of cocaine."

The testimony presented by the prosecution simply stated that Appellant allegedly sold on one occasion a particular quantity of cocaine. Further, no drugs were found on his person during the arrest. Yet Appellant was charged and convicted twice of the same crime.

Petition (Dkt. #1), p. 7.

Contrary to Battles' contention, the crimes of (1) possession of cocaine with intent to sell, and (2) sale of cocaine are two separate crimes. A conviction for both crimes, even involving one transaction, does not constitute double jeopardy.

The Fifth Amendment of the U. S. Constitution prohibits convicting one twice for the "same offence." Where the one crime constitutes the "same offence" as another, federal law applies the "same - elements" test. This test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment as excessive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993). Here, these two crimes do not have the same elements: a sale is not involved in the crime of possession with intent to sell and possession is not involved in the crime of a sale. One may possess a drug with the intent to sell it, but never sell it, and one may sell a drug without ever possessing it. Therefore, Battles' conviction did not constitute a violation of the double jeopardy clause of the U. S. Constitution and ground two will be denied on the merits.

**Ground Three:**   The trial court erred by denying Appellant's judgment for acquittal as to the charge of resisting arrest without violence.

In support of ground three, Battles argues:

Here, an Officer allegedly witnessed an exchange of cocaine for money. Here, the Officer commanded the suspect to stand up from a crouch behind a bush. According to the Officer there was no movement by Appellant. The Officer then "removed him from the bush." Appellant was charged with Resisting Arrest without Violence for failing to move out of the bush.

Petition (Dkt. #1), p.9.

Battles contends evidence of his failure to come out from behind the bush after being commanded to do so by the officer was insufficient to support the charge of resisting arrest without violence. He argues that the trial court committed error in denying his motion for judgment of acquittal. But a denial of a motion for judgment of acquittal on the grounds of insufficient evidence is generally not cognizable in a federal court on habeas review. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). This is so because this claim does not raise a federal constitutional issue.

Even if this claim were cognizable here, it would fail on the merits. Whether or not one's failure to obey a lawful command of an officer during the execution of his legal duty is a matter of state law. That state law issue was addressed by the state post-conviction court concerning claim two of Battles' post-conviction motion:

> In claim 2, Defendant argues that trial counsel did not properly argue a Motion for Judgment of Acquittal as to the charge of Resisting an Officer without Violence, and failed to preserve the issue for appeal. Defendant argues that because he did not make an affirmative action when he was told to move out of the bushes, he cannot be found guilty of resisting arrest without violence and the Motion for JOA should have been granted. Detective David Ogg testified that he was looking for the Defendant and found the Defendant crouched down in a fetal position in some underbrush. Detective Ogg instructed the Defendant to come out of the underbrush. Defendant made no movement to comply and Detective Ogg repeated his command at least 4 or five times. Detective Ogg then removed the Defendant from the underbrush. In order to prove the crime of Resisting an officer without violence, the State needs to prove: Defendant resisted, obstructed or opposed Detective Ogg; that the Detective was engaged in the lawful execution of a legal duty; and that at the time Detective Ogg was an officer. Defendant refused to comply with Detective Ogg's command to step out of the underbrush. Refusal to obey an officer's command, when they are in the lawful execution of a legal duty, amounts to Resisting an Officer without Violence. *F.J.R. v. State*, 922 So.2d 308, 309 (Fla. 5th DCA 2006). As such, if trial counsel had moved for a JOA

> based on Defendant not making an affirmative movement, such a motion would have been denied. Therefore, trial counsel is not deficient in this instance. **Claim 2** is **DENIED**.

Respondent's Exhibit 11, p. 2.

Because ground three is not cognizable here, it must be dismissed. Were it not dismissed, it would fail on the merits.

## BATTLES' REPLY

In his reply, Battles contends that he raised six issues in his petition, but Respondent only addressed three, the ones raised by him on direct appeal. He states that the Respondent ignored his claims raised in his post-conviction motion. Specifically, Battles states:

> In their Reply, Respondent only answers three (3) issues of Petitioner's Petition, when in fact, Petitioner argued six (6) grounds for relief. Petitioner submitted the three (3) original grounds raised on his direct appeal, which Respondent addresses in its Response, but also the three (3) grounds raised on his State of Florida Fla.R.Crim.P., Rule 3.850 Motion for Post Conviction Relief. Respondent states those grounds on pages 3 and 4 of its Response, but does not address them.
>
> Petitioner humbly submits that any reply that he would make at this time would be premature as all of his grounds have not been addressed. Petitioner also submits that if this Court does not have his complete 28 U.S.C. §2254 Petition, that Petitioner be permitted to submit his entire Petition again.

Petitioner's Reply (Dkt. #11), pp. 1-2.

Battles is incorrect. The Court has reviewed the petition with care and there are only three issues raised in it, the ones raised on direct appeal. Those issues have been addressed by this Order.

Battles requests to belatedly amend his petition to add the three issues from his post-conviction motion. This request must be denied because any amendment would be futile. First, the additional claims would be time barred because they would not relate back to the original petition which does not mention the claims. Second, the claims, even if raised, would fail for lack of merit.

Claims one and two merely turn claims one and three from his direct appeal into ineffective assistance of counsel claims. The substance of those claims have been discussed in this Order and need not be repeated here. Suffice it to say the post-conviction court properly handled those claims. And his third claim in his post-conviction motion was that his trial counsel was ineffective for failing to properly impeach a law enforcement officer with previous inconsistent statements allegedly made at his first trial. The state post-conviction court dealt with each of those alleged misstatements, determined that they were not inconsistent, and properly denied that claim. The claim would have fared no better here on habeas review.

## **CONCLUSION**

For the reasons set forth above, grounds one and three must be dismissed, and ground two fails on the merits.

It is therefore ORDERED AND ADJUDGED that:

1. Grounds one and three of the petition are hereby DISMISSED.

2. Ground two of the petition is DENIED.

    3.        The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id.  "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on February 7, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-2764.deny 2254.wpd*